FIREMAN'S FUND INSURANCE COMPANY, a corporation; Royal Globe Insurance Company, a corporation; and Hartford Fire Insurance Company, a corporation, Plaintiffs,

v.

PAN OCEAN BULK CARRIERS, LTD., a corporation, Defendant.

No. C-82-1255 EFL.

United States District Court, N.D. California.

March 23, 1983.

McCutchen, Doyle, Brown & Enersen, Mark O. Kasanin, Jack G. Knebel, Thomas V. McClendon, San Francisco, Cal., for defendant Pan Ocean Bulk Carriers, Ltd.

John E. Droeger, Henry D. Dicum, Hall, Henry, Oliver & McReavy, A Professional Corp., San Francisco, Cal., for plaintiffs.

ORDER

LYNCH, District Judge.

This action in admiralty for breach of contract of ocean carriage is brought by insurers of cargo being carried to the United States from Korea aboard the vessel Ocean Ace, which sank following a collision in Korean waters with the vessel Salix. Defendant Pan Ocean Bulk Carriers, Ltd., the owner of the Ocean Ace, is a Korean corporation. Plaintiffs Fireman's Fund Insurance Company and Royal Globe Insurance Company are both American corporations. The Salix is owned by a Panamanian corporation, although the beneficial owners are Japanese.

Defendant Pan Ocean has moved to dismiss on grounds of *forum non conveniens.* The Court has considered the memoranda of the parties and the affidavits and declarations submitted in support of and in opposition to the motion.

In *Gulf Oil Co. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), the Supreme Court held that federal courts had the discretion to decline jurisdiction on *forum non conveniens* grounds but cautioned that such discretion must be exercised with reference to private and public interest factors. *Id.* at 508, 67 S.Ct. at 843. Although not intending to set forth an exhaustive list of private interest factors to be considered, the Court noted the following:

> Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, "vex," "harass," or "oppress" the defendant by inflicting upon him expense or trouble not necessary to his own right to

pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

*Id.* at 508, 67 S.Ct. at 843.

The Second Circuit in *Alcoa Steamship Company, Inc. v. M/V Nordic Regent,* 654 F.2d 147 (2d Cir.1981), reviewed the *forum non conveniens* doctrine with a view toward determining whether the admiralty nature of that action or the American citizenship of the plaintiff justified creating a special rule of *forum non conveniens.* The Second Circuit found that neither factor justified an approach different than that evidenced by *Gulf Oil. Id.* at 153–54, 155–58. With regard to the admiralty or maritime context the Second Circuit noted that courts have readily applied the doctrine of *forum non conveniens* in maritime cases partly because of admiralty's equitable nature and partly because of the absence of the usual venue requirements. *Id.* at 154. With regard to the American citizenship of the plaintiff the Second Circuit noted that "[t]he trend of both the common law generally and admiralty law in particular has been away from according a talismanic significance to the citizenship or residence of the parties." *Id.* Thus, in *Mizokami Bros. of Arizona, Inc. v. Baychem Corp.,* 556 F.2d 975 (9th Cir.1977) (discussed and quoted in *Alcoa Steamship, supra,* 654 F.2d at 156), the Ninth Circuit dismissed on *forum non conveniens* grounds an American plaintiff's action where the clear locus of events which led to the litigation was Mexico. In so doing the Ninth Circuit stated:

> The plaintiff falls back on its United States citizenship as the sole and only possible basis for suing these defendants in a court of the United States. This is not enough. In an era of increasing international commerce, parties who choose to engage in international transactions should know that when their foreign operations lead to litigation they cannot expect always to bring their foreign opponents into a United States forum when every reasonable consideration leads to a

conclusion that the site of the litigation should be elsewhere.

556 F.2d at 978.

Plaintiff argues that the applicability of the Carriage of Goods by Sea Act (COGSA), 46 U.S.C. §§ 1300 *et seq.,* to this action weighs strongly toward the Court's retention of jurisdiction in this case because the Fourth Circuit in *Union Insurance Society of Canton, Ltd. v. S.S. Elikon,* 642 F.2d 721 (4th Cir.1981), stated that COGSA "appears to suggest a preference for an American forum." *Id.* at 726. The Fourth Circuit in that case, however, expressly reserved opinion on the *forum non conveniens* issue, *id.* at 725, and merely stated for guidance on remand that the district court should consider as part of the overall equation the factors that the case is to be decided under American law (COGSA) and that the bill of lading is written in English, *id.* at 726. This Court also notes that the Fourth Circuit directed the district court on remand to consider the identity, whereabouts, and availability of witnesses having knowledge of facts relating to issues in defense of the action. *Id.*

Plaintiff further argues that the possibility of a different application of substantive law in a Korean jurisdiction should deter this Court from granting defendant's *forum non conveniens* motion. In *Piper Aircraft Company v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), the Supreme Court directly addressed the *forum non conveniens* relevance of an unfavorable change in substantive law. Absent a showing that "the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all," *id.* at 254, 102 S.Ct. at 265, the Supreme Court in *Reyno* concluded: "The possibility of a change in substantive law should ordinarily not be given conclusive or even substantial weight in the *forum non conveniens* inquiry." *Id.* at 247, 102 S.Ct. at 261.

With these precepts in mind this Court concludes that the balance of considerations strongly favors dismissal on grounds of *forum non conveniens.* The reasons for the Court's ruling are summarized as follows:

(1) An alternative forum is available in Korea which would have jurisdiction over defendant.

(2) The collision which resulted in the cargo loss that led to this litigation occurred in Korean territorial waters.

(3) Proof of the alleged unseaworthiness of the Ocean Ace or the negligence of her crew, the central issues in this litigation, would turn on activities in Korea. In this regard the Court notes that all of the officers and crew of the Ocean Ace and of the Korean vessel Chung Hae which rescued the Ocean Ace crew, were Korean citizens and residents.

(4) To the extent that the fault of the non-carrying vessel Salix is relevant as a defense or as a factor reducing liability of Pan Ocean, proof of such fault would be more convenient to a Korean forum than a United States forum. In this regard the Court notes that all of the officers and crew of the Salix were Filipino citizens and residents and that the post-collision investigation interviews of the Salix officers were conducted by the Korean Water Police from Busan, Korea.

(5) Although the original bills of lading are located in the United States and are written entirely in English, Pan Ocean concedes their contents.

(6) Korea is an experienced admiralty jurisdiction. In this regard the Court notes that provisions relating to the seaworthiness of the carrying ship and the negligence of crew in the Korean Commercial Code, Articles 787 and 788, are substantially similar to those in the Hague Rules, which with minor differences are incorporated in the language of analagous provisions of COGSA. *See* 46 U.S.C. §§ 1303–1304; G. Gilmore & C. Black, *The Law of Admiralty* § 3–24, at 143–44 (2d ed. 1975).

Accordingly, defendant Pan Ocean's motion to dismiss this action on grounds of *forum non conveniens* is granted on condition that:

(1) defendant Pan Ocean agrees to submit to the jurisdiction of the Korean national courts; and

(2) defendant Pan Ocean agrees to waive the defense of statute of limitations as to any action, refiled in Korea within one year of the date of this order, arising from the same transaction or occurrence as the action hereby dismissed.

IT IS SO ORDERED.